# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11811-MWC-MBK | Date | April 8, 2026 |
|---|---|---|---|
| Title | Stephens v. Sotille, et al., | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:**    ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND DISMISSAL OF THE COMPLAINT AS TIME-BARRED

In this civil rights action, Plaintiff Jimmie Stephens, a self-represented litigant in state custody, sues a state court judge, attorneys, the governor of California, a sheriff, and several doe defendants for various civil rights violations arising from acts and omissions occurring while Plaintiff was housed at Los Angeles County Jail in 1991.

On December 1, 2025, Plaintiff filed his Complaint and a request to proceed *in forma pauperis* ("IFP"). Dkt. 1, 2. On January 5, 2026, the Court postponed its ruling on Plaintiff's request for IFP status so that Plaintiff could provide a certified copy of his prison trust fund statement for the past six months. Dkt. 6. Plaintiff filed the requested information on January 21, 2026. Dkt. 8.

Because Plaintiff seeks to proceed IFP, the Court has preliminarily screened the Complaint to determine whether the claims are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek damages from defendants who are immune. A review of the Complaint reveals that Plaintiff's claims are likely time-barred. Plaintiff is ordered to show cause why the Magistrate Judge should not recommend dismissal of his complaint on this basis by **May 8, 2026.**

## LEGAL STANDARD

Where a plaintiff seeks permission to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11811-MWC-MBK | Date | April 8, 2026 |
|---|---|---|---|
| Title | Stephens v. Sotille, et al., | | |

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Wilson v. Craver*, 994 F.3d 1085, 1089-90 (9th Cir. 2021). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may not, though, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Additionally, dismissal is appropriate where a complaint does not comply with the notice pleading requirements of Federal Rules of Civil Procedure Rule 8(a)(2), which requires a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" from a defendant. A complaint must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

## DISCUSSION

The Complaint alleges that the Defendants committed several civil rights violations under 42 U.S.C. § 1983 and raises related state law claims. However, according to the Complaint, all of the acts and omissions that give rise to the claims occurred in 1991.

The statute of limitations for section 1983 claims is the applicable state statute of limitations for personal injury actions. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). California's statute of limitations for personal injury actions is two (2) years from the date the action accrues. Cal. Civ. Proc. Code § 335.1. A section 1983 "cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Thus, '[a]n action ordinarily accrues on the date of the injury.' " *Belanus v.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11811-MWC-MBK | Date | April 8, 2026 |
|---|---|---|---|
| Title | Stephens v. Sotille, et al., | | |

*Clark,* 796 F.3d 1021, 1025 (9th Cir. 2015) (citing *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996*)); see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (holding federal law determines when a cause of action accrues and when the statute of limitations begins to run for a section 1983 claim). However, in certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. *Lukovsky v. City & Cty. of San Francisco,* 535 F.3d 1044, 1051 n.5 (9th Cir. 2008) (citing *Azer v. Connell,* 306 F.3d 930, 936 (9th Cir. 2002)).

Here, Plaintiff brings claims based on events that occurred nearly 35 years ago and appear to be time-barred.  The Court orders Plaintiff to file a response to this order by **May 8, 2026**, explaining any basis for tolling of the statute of limitations and why the Magistrate Judge should not recommend dismissal of the complaint as time-barred.

*Alternatively,* if Plaintiff no longer wishes to pursue this action, Plaintiff may elect to voluntarily dismiss the entire action under Federal Rule of Civil Procedure 41(a).

\* \* \*

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court.**

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012." No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3. Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11811-MWC-MBK | Date | April 8, 2026 |
|---|---|---|---|
| Title | Stephens v. Sotille, et al., | | |

copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

   4. After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

   5. At the top of the first page of any document sent to the Court, Plaintiff must give his or her name and mailing address, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

   *Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address*: A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**